# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN H. BRYANT JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-245-CG |
| | ) |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social Security** | ) |
| **Administration,**[1] | ) |
| | ) |
| Defendant. | ) |

## ORDER

On August 24, 2016, the Court entered a Judgment reversing the decision of the Acting Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 22); *see also* Op. & Order (Doc. No. 21). Plaintiff John H. Bryant Jr. now moves for an award of attorney's fees in the amount of $5681.60 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. Att'y Fees (Doc. No. 23); Pl.'s Br. (Doc. No. 24). Defendant has responded (Def.'s Resp. (Doc. No. 25)), and Plaintiff has replied (Pl.'s Reply (Doc. No. 26)).

I.    *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the

---

[1] Nancy A. Berryhill, the current Acting Commissioner of the Social Security Administration, is hereby substituted as Defendant in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined on the basis of the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Acting Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the

"prevailing party" for purposes of the EAJA. *See id.* at 13; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

    III.    *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ committed two separate errors. First, he rejected the medical opinion of Plaintiff's treating physician Dr. Brent Hisey regarding a sitting restriction based exclusively "on his own speculation about how 'an individual' who has had successful spinal fusion 'should' be able to function a year later." Op. & Order at 9-10. The ALJ thereby failed to comply with the treating physician rule, as he improperly "ma[de] speculative inferences from medical reports," rejected a treating physician's opinion based upon "his own . . . speculation or lay opinion" rather than "on the basis of contradictory medical evidence," and failed to give "legitimate reasons" for rejecting that opinion. *Id.* (citations and internal quotation marks omitted). Second, the ALJ failed to properly evaluate Dr. Hisey's medical opinion regarding Plaintiff's need to lie down during the workday, by: (i) first indicating that he was rejecting the limitation; then (ii) appearing to adopt it but stating that the limitation can be accommodated through normal work breaks—a "mere conclusion" for which the ALJ offered no basis and that was unsupported by substantial evidence. *Id.* at 12 (citations and internal quotation marks omitted).

Reversal therefore was required based upon the ALJ's failure to apply the correct legal standards and upon a lack of substantial evidence to uphold the ALJ's residual functional capacity determination. *See id.* at 3-4, 8-13. The Court declined to address other

propositions of error raised by Plaintiff because they could be "'affected by the ALJ's treatment of this case on remand.'" *Id.* at 4 (quoting *Watkins*, 350 F.3d at 1299).

Defendant objects to any award of fees, arguing that the government's position was substantially justified with respect to both denying Plaintiff's applications for benefits and defending that denial in this Court. *See* Def.'s Resp. at 3-7; *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."). Although thorough, the ALJ's assessment of Dr. Hisey's opinions reflected multiple legal errors. *See* Op. & Order at 9-13. Defendant has not shown "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where the ALJ's findings were unreasonable based on the record before the ALJ).

Defendant additionally asserts that her litigation position was substantially justified because Defendant raised reasonable arguments on appeal as to why the ALJ's error regarding Dr. Hisey's sitting restriction was harmless and why the ALJ's findings regarding Plaintiff's abilities to sit and lie down were supported by substantial evidence. "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted). The Tenth Circuit has recognized an exception to this rule, however, "when the Commissioner reasonably (even if

4

unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Groberg v. Astrue*, 505 F. App'x 763, 765 (10th Cir. 2012).

Defendant did not argue that the ALJ's erroneous assessment of Dr. Hisey's lying-down restriction was harmless. *See* Def.'s Br. (Doc. No. 20) at 13. Rather, Defendant contended that the ALJ's interpretation of Dr. Hisey's restriction was reasonable, citing Social Security Rulings, Dr. Hisey's failure to elaborate, and a lack of other medical opinions on the subject—none of which was relied upon in the ALJ's written decision to support this conclusion. *See id.*; *cf. Groberg*, 505 F. App'x at 765 n.1 ("We do not consider an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ to be a true harmless error argument."). Given that the Court may not salvage an ALJ's decision by adopting "post-hoc rationalizations" such as these, Defendant's litigation position was not substantially justified. *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007). The lying-down-restriction error by the ALJ by itself warranted reversal, and so Defendant has not shown that her litigation position "cured unreasonable agency action." *Groberg*, 505 F. App'x at 768 (alteration and internal quotation marks omitted); Op. & Order at 12-13; *see Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004).

Defendant thus has not shown that this case is "exceptional" or that the United States' position before the SSA and this Court was substantially justified. *Groberg*, 505 F. App'x at 765, 768; *see* 28 U.S.C. § 2412(d)(1)(A), (B), (d)(2)(D).

### IV. *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $5681.60, calculated as follows: 29.6 hours of work performed by her attorney in 2015 at a rate of $190.00 per hour; and 0.3 hours of work performed by her attorney in 2016 at a rate of $192.00 per hour. *See* Pl.'s Mot. Att'y Fees at 14-5. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See* Pl.'s Br. Ex. 1 (Doc. No. 23-1) at 1-3.

An award under the EAJA is limited at $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate based upon the agreed rates that "Defendant supplies . . . to district courts" in this state. Pl.'s Br. at 4. Defendant does not dispute Plaintiff's assertion or challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $190.00 is a reasonable hourly rate for attorney work performed in 2015 and $192.00 is a reasonable hourly rate for work performed in 2016 on Social Security cases in the Western District of Oklahoma. *See Kraft v. Colvin*, No. CIV-15-739-STE (W.D. Okla.) (Mem. from Denver OGC Office to Pls.' Att'ys Handling Soc. Sec. Litig. in Okla. & N.M. (Oct. 20, 2016) (Doc. No. 33-2,

at 2-3)). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided and judicially noticed.[2]

CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; and (3) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 23) and awards attorney's fees under the EAJA in the amount of $5681.60, with said amount to be paid directly to Plaintiff and sent in care of Kyle J. Saunders, P.O. Box 1605, Ada, Oklahoma, 74820. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 22nd day of February, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Plaintiff's Motion refers to the possibility of obtaining additional fees for attorney time spent in litigating her EAJA fee motion, this fees-on-fees request "is made only in a conclusory matter," is not mentioned at all in Plaintiff's Reply, and has not been supported with time statements. *See* Pl.'s Mot. at 4. Such request is denied. *See Liggett v. Colvin*, No. CIV-1081-D, 2016 WL 6156324, at *1 & n.2 (W.D. Okla. Oct. 21, 2016) (citing *Sanders v. Astrue*, 287 F. App'x 721, 723 (10th Cir. 2008)).